GARDNER v. GARDNER, 22 Wend. 526.
In Ch. 7 Paige, 112.

*Husband and Wife; Wife's separate Estate, and her Liability as Executrix for Advances made by Husband on Account of such Estate.*

THE decree of the Chancellor was reversed in this case as to a sum of $2,000, borrowed by the wife of the husband for the benefit of her separate real estate. The husband dying and leaving the wife his executrix, the question arose whether she was liable for that sum to the creditors of the husband. The Chancellor held her separate estate liable, and that it was therefore chargeable with it, as a part of the assets of the testator.

On appeal, this decree was *reversed*, but as Cowen, J., says, in delivering the opinion of the Court of Errors, the case resolved itself into a *question of evidence;* viz., whether the husband had *forgiven* the wife this debt. It involved no question of law, except how far the wife after such a forgiveness of the debt, was liable to the creditors of the husband?

"The Court of Errors held, that the husband had the legal

right to forgive this debt to the wife while he was living, and that the evidence established the fact that he had done so. That this discharged the *separate estate* of the wife from what would otherwise have been, if she had remained a debtor to her husband, a good charge upon it in favor of his creditors.

The Chancellor's decree was therefore *reversed* as to this point; he having held that although she was not personally bound, yet her separate estate was liable. *Reversed* accordingly, 23 to 9.